## M. N. KENT v. MURRAY BUCK.

*Deposition. Evidence. Conditional Sale.*

Notice was given to take the deposition of Mrs. J. V. Perley. The deposition was signed by Emily A. Perley, who was the wife of J. V. Perley, and the same person named in the notice, which the party notified knew. *Held*, that the deposition was not thereby rendered inadmissible.

The admissions of a party are admissible against him.

The conditional vendor of personal property can recover for injury thereto, although not entitled to the possession thereof at the time of the injury.

.TROVER for a mare, with a count in case to recover for the imprudent management of said mare, whereby she died. Trial by jury, September term, 1871, PECK, J., presiding.

The plaintiff claimed title to said mare by virtue of a conditional sale thereof by him to one J. V. Perley.

The court charged the jury, among other things not excepted to, that it was not necessary, to entitle the plaintiff to recover under the count in case, to show that the plaintiff was entitled to the possession of the mare at the time of the act and injury therein complained of; and that if the plaintiff only recovered for driving the mare imprudently after the defendant took her, he could recover such damages as the jury found were the consequence of such driving; to which the defendant excepted. The other points of exception taken by the defendant appear in the opinion.

The opinion of the court was delivered by

Ross, J. The plaintiff gave the defendant notice to be present at the taking of the deposition of Mrs. J. V. Perley. The deposition is signed by Emily A. Perley. The defendant objected to its use for the reason it was signed by a different name than the one inserted in the notice served on him. Emily A. Perley is the wife of J. V. Perley, and the defendant understood that he was notified to be present at the taking of her deposition, so that he has not been misled as to the person whose deposition was to be taken. The only provision of the statute relating to the notice to be given in such cases, Gen. Stat. 324, sec. 6, speaks of the person whose deposition is to be taken as a "witness." When the person whose deposition is to be taken is clearly pointed out in the notice, we think the spirit as well as the letter of the statute is complied with. If the person is known and designated equally well by either of two names, the party giving the notice may use whichever he chooses, and if the witness prefers to sign the other name and does sign it to the deposition, it will not render the deposition inadmissible.

The defendant excepted to the court's ruling, allowing certain parts of said deposition to be read to the jury. No ground of objection is stated in the exceptions, but in the argument the de-

fendant urges that those portions of the deposition are inadmissible on the ground that the deponent stated what others had told her, and not what she saw or knew personally. The deponent says, in the instances objected to, she knew the facts she details in one instance, " because I heard him (defendant) and my husband talk it over." In another instance, the witness says, " While at Morrisville the mare was fed, but refused to eat, as I heard. Mr. Buck and Mr. Perley talked it over." It is true the witness stated what she heard, and if it had not been what she heard the defendant say, it would have been objectionable as hearsay, but inasmuch as she heard it from the defendant, it is admissible against him as an admission.

The defendant has made no point in the argument in regard to his exception to the charge of the court, and we discover no error in that portion of the charge to which exception was taken.

Judgment affirmed.