on some day of the term, fixing the trial of a capital case for a day of a subsequent week, the order being made before the juries for the week of the trial can be organized, it is provided that service of a copy of the special jury drawn, and of the jurors drawn and summoned for the week of the trial, shall be a compliance with the law requiring a copy of the jury to be served on the defendant. This is the case contemplated by the eleventh section of the act; and in no other case should the names of the jurors summoned for the week of the trial, who do not constitute a part of the organized juries, be placed on the list served on the defendant. *Morrison v. State*, 84 Ala. 405. The order of the court, which was made on Monday of the second week, the trial being set for Friday of the same week, required the sheriff to serve on the defendant a copy of the list of jurors specially drawn for the trial, and of the jurors drawn and summoned for the second week of the court. This is an error, for which the judgment must be reversed.—*Posey v. State*, 73 Ala. 490.

The charges requested by defendant are argumentative in their character, and select portions of the evidence, to which undue prominence is given, to the exclusion of other parts, which should be regarded by the jury. That the defendant and the deceased were friendly, and that no motive for the crime is shown, are circumstances to be considered in determining whether the killing was with malice, or was the result of an accident. But, in determining the question, the jury can not regard these circumstances alone. They should consider the whole evidence.

The other questions relating to the drawing and impanelling of the jury will not probably arise on another trial.

Reversed and remanded.

# Davenport *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Proof of general character* —Evidence of particular acts of violence is not admissible to prove general character.

2. *Impeaching witness.*—In impeaching a witness, on direct examination, the inquiry should be as to his general character, or his general character for truth and veracity, and not as to his character for honesty.

[Davenport v. The State.]

3. *Apprehension of attack, as defense.*—Good reason to apprehend an attack is a good defense to a prosecution for carrying concealed weapons (Code, § 3775), and the violent character of the person making threats may be considered by the jury as a fact tending to show reasonable grounds for such apprehension; but the defendant's mere belief that he was in danger of an attack, not supported by reasonable grounds, neither excuses nor mitigates the offense.

4. *Charge as to weight of testimony.*—A charge asked in a criminal case, asserting that the testimony of certain witnesses named "is entitled to great weight," invades the province of the jury, and is properly refused.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant was indicted for carrying a pistol concealed about his person, and on his trial reserved the following bill of exceptions: "Testimony was offered tending to show that the defendant's life had been threatened, a short while before the time he was accused of carrying the pistol concealed, by one Henry Willingham, the principal witness for the State, and that such threats had been communicated to the defendant. The defendant then offered testimony to show that said Willingham had the character of being a violent, turbulent, and dangerous man; which testimony was admitted without objection. The defendant offered, in the same connection, testimony tending to show that said Willingham had, a short while before the time of the alleged charge against defendant, and in the same neighborhood, shot two other men, one of them being his brother; which testimony was, on objection by the solicitor, excluded by the court, and defendant excepted. Defendant then, in the same connection, propounded this question to his witness, J. M. Anderson: 'Do you know the general character of said Willingham, in the community where he resides, for honesty?' The solicitor objected to this question, and the court sustained the objection; to which ruling the defendant excepted. The defendant then offered testimony tending to show that said Willingham was a dishonest man and a thief; which testimony, on objection by the solicitor, the court excluded, and the defendant duly excepted. The defendant asked the following written charges, which were refused by the court: (1.) 'If the jury believe from the evidence that defendant had been threatened by Henry Willingham, and that defendant believed, or had reason to apprehend an attack from said Willingham; then he had the legal right to carry the pistol concealed about his person, even if they should find from the evidence that it was concealed; and they had the right to

22

look at the character of said Willingham as being a dangerous man, in coming to the conclusion whether or not defendant was under an apprehension of danger.' (2.) 'The testimony of Peter Bibb, Mack Jackson, and D. C. Johnson, who testified that they saw the pistol a moment or so before the firing, is entitled to great weight, and, coupled with the positive testimony of Nellie Micou and defendant (that it was not concealed when drawn), may generate a reasonable doubt in the minds of the jury, and acquit the defendant, unless they believe the testimony of said Willingham and the three children, rather than that of the defendant and his named witnesses.'"

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted for carrying a pistol concealed about his person. In such a case, the statute provides, that the defendant may give evidence, by way of defense to the prosecution, "that, at the time of carrying the weapon concealed, he had good reason to apprehend an attack; which the jury may consider in mitigation of the punishment, or justification of the offense"—Crim. Code, 1886, § 3775.

The evidence tended to show that one Willingham, who was a witness for the State on the trial, had threatened the defendant's life; and the character of said Willingham was that of a violent, turbulent and dangerous man. In connection with this evidence, it was proposed by the defendant to prove that, a short time prior to the time of the alleged charge, the said Willingham had shot two men in the neighborhood, one of whom was his brother. This evidence was excluded by the court, on motion of the State; and properly so, particular acts of violence not being admissible to prove general character.—Jones v. State, 76 Ala. 9.

The effort to impeach the witness, on the direct examination, should have confined the inquiry to his general character, or his general character for truth and veracity. It was not competent to restrict the inquiry merely to character "for honesty."—Holland v. Barnes, 53 Ala. 83; Jackson v. State, 77 Ala. 18. The court did not err in its rulings on the evidence bearing on this question.

To justify the defendant in carrying the pistol concealed, he must have had good reason to apprehend an attack on his person; and it was competent for the jury to consider the

[Todd v. The State.]

dangerous character of one who had threatened him, as a
fact tending to show reasonable grounds for such apprehen-
sion.   But the unfounded belief of defendant that he was in
danger of being attacked, not supported by reasonable
grounds, would neither excuse nor mitigate the offense of
carrying a weapon concealed about his person.   The first
charge asked, and refused by the court, was properly refused,
because, in its first alternative phase, it predicated an acquit-
tal upon the defendant's mere belief that he was in danger
of attack, and not upon the fact that he had good reason to
apprehend it.

The second charge was properly refused, for two reasons,
if not more.   It is based upon the testimony of certain wit-
nesses whose names do not appear in the bill of exceptions,
and is therefore abstract; and it infringes the prerogative of
the jury, in asserting the degree of weight to which this tes-
timony is entitled.

Judgment affirmed.