# McQueen v. The State.

*Indictment for Grand Larceny.*

1. *Evidence of good character.*—Character is the estimate put upon the defendant, the reputation he bears in the community in which he may reside, or in which he is known. Inquiry as to specific facts, or acts, or as to the causes producing the reputation, is inadmissible to affect it.

2. *Instruction on scope of evidence.*—Where evidence, which is admissible for one purpose only, is introduced generally, it is error for the court in its instruction to the jury, to give it a scope larger than that for which it is legally admissible.

3. *Charge on "reason to doubt" of guilt of defendant.*—A charge to the jury that "if from the evidence, you have reason to doubt the defendant's guilt, you must acquit," is properly refused.

APPEAL from Butler Circuit Court.

Tried before the Hon. J. R. TYSON.

The appellant, Paul McQueen, was indicted and convicted for grand larceny. On the trial, the State introduced evidence tending to show that the defendant was guilty as charged. The defendant testified in his own behalf, and also introduced witnesses to his good character. The State then, in rebuttal, introduced generally, without objection, the record of the court showing that the defendant had been previously convicted of grand larceny.

In its general charge, the court stated to the jury, that they might look to the fact that the defendant had been convicted of grand larceny, in determining whether he had proved a good character for honesty. The defendant requested in writing, the following charge, which was refused: "If from the evidence you have a reason to doubt the defendant's guilt, you should acquit him."

From a judgment of conviction, the defendant appealed.

GAMBLE & POWELL, for appellant.

W. C. FITTS, Attorney-General, *contra.*

BRICKELL, C. J.—In all criminal prosecutions,

whether. of felony or misdemeanor, the accused may prove
his good character, not only when a' doubt exists on the
other proof, but even to generate a doubt of his guilt.
Within the sense and meaning of the rule, character is
the estimate put upon the defendant, the reputation he
bears, in the neighborhood, or community, or society, in
which he may reside, or in which he is known.—*Haley
v. State,* 63 Ala. 83; *Sullivan v. State,* 66 Ala. 48; *De Ar-
man v. State,* 71 Ala. 351. As it is general reputation
which is the matter of inquiry, specific facts or acts are
not admissible to prove or disprove its existence, for the
reason, that a particular fact does not necessarily enter
into, and may not form a constituent of general reputa-
tion. The witnesses are not required, or permitted, to
speak from their own knowledge of the acts and trans-
actions of the defendant from which his character or
reputation may have been derived.· They speak only
from their knowledge of what is generally said, or the
manner in which the defendant is generally received, by
those among whom he resides, or to whom he is known
and with whom he is chiefly conversant. If an inquiry
as to specific facts or acts, or as to the causes producing
the reputation, should be indulged, it would often be in-
terminable; and the defendant embarrassed or oppressed,
for however well prepared he may be to support his gen-
eral reputation, it cannot be supposed that he is prepared
to defend against specific acts or facts; nor is he ap-
prised of a necessity or occasion to defend against them.
Such acts or facts he may not prove in support of his
reputation, and they are inadmissible to affect or .dis-
prove it.—*Smith v. State,* 47 Ala. 540; *Jones v. State,* 76
Ala. 8; *Holland v. Barnes,* 53 Ala. 83; *Moore v. State,*
68 Ala. 360; *Peterson v. Morgan,* 116 Mass. 350.

The purpose of the introduction of the record of the
former conviction of the defendant for larceny, does not
appear to have been avowed at the time of its introduc-
tion. Except .for the statute (Code, § 2766), it was not
admissible as evidence for the State, and the presump-
tion must be that it was introduced for the only purpose
for which the statute renders it admissible, that of
affecting the credibility of the defendant as a witness.
The instruction to the jury gave it a scope and latitude
as evidence, larger than that which the statute attaches
to it. Beside, at the utmost, it could only be evidence

of a specific act or fact, inadmissible and irrelevant to the pertinent inquiry of the good repute of the defendant for honesty, the trait of character the accusation particularly involved, which he had introduced evidence without objection tending to prove. The instruction is erroneous and necessitates a reversal of the judgment.

The instruction requested would seem to have been suggested by, or extracted from, an identical instruction declared erroneous in *Munkers v. State*, 87 Ala, 94.

For the error pointed out, the judgment must be reversed and the cause remanded; the defendant will remain in custody, until discharged by due course of law.