# Coates *v.* The State.

## *Violating Prohibition Law.*

(Decided June 19, 1912. Rehearing denied July 11, 1912.
59 South. 323.)

1. *Trial; Reception of Evidence.*—Where no objection is made to the question, and the answer is responsive, a motion to strike the answer is properly denied.

2. *Same; Prejudice.*—Where the prosecution was for violating the prohibition law, and the witness had testified that he had frequently seen a barrel of whisky at E. shipped to defendant, that the last time he saw a barrel at the depot was on the preceding Thursday, that it was hauled out by defendant's son on Friday, and was marked "glass 12-½ gallons," the defendant is not prejudiced by the further testimony of the witness that he had seen other shipments to the defendant, some in barrels and some in drums, and that he saw a shipment about a week before the one of which he had just testified.

3. *Witnesses; Examination and Cross; Bias.*—In a prosecution for violating the prohibition law, the question to a witness as to whether he had not taken a pretty active stand on the whisky question, and prosecuted people for violating the prohibition laws, was too general to show bias against the defendant, and hence, is properly disallowed.

4. *Same; Character; Impeachment.*—Where, by general questions the defendant had elicited from his witness knowledge of the general character of a witness for the state for truth and veracity, and also the witness's general character, it was not permissible for

[Coates v. The State.]

him to show the details of such witness's character, or to prove particular acts, or his way and manner of doing things, or that he was a wishy washy boy, for the purpose of impeaching such witness.

5. *Intoxicating Liquors; Wrongful Sale; Evidence.*—Where, without objection, it was shown that whisky had frequently been seen at the railroad station shipped to defendant, such evidence could be looked to as a circumstance in determining whether or not de-defendant had violated the prohibition law.

APPEAL from Henry Circuit Court.

Heard before Hon. MIKE SOLLIE.

Jeff Coates was convicted of violating the prohibition law, and he appeals. Affirmed.

The charges requested by the defendant were as follows:

"There is no proof in this case that the defendant kept for sale in Henry county spirituous, vinous, or malt liquors."

"(2) There is no proof in this case that the defendant kept for sale, or to be otherwise disposed of, spirituous, vinous, or malt liquors."

H. L. MARTIN, for appellant. It was incompetent to show that whisky was seen at the depot in Eufaula shipped to the defendant.—*Handley v. The State*, 58 South. 96. Counsel discusses other assignments· of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in the court's refusal to exclude the testimony of the witness Crews. The objection came too late.—*McAlman v. State*, 96 Ala. 98; *Billingslea v. State*, 96 Ala. 126; *Ellis v. State*, 105 Ala. 72; *Downey v. State*, 115 Ala. 108, 112; *Stowers Furniture Co. v. Brake*, 158 Ala. 639, 648. The witness' attitude regarding the enforcement of· the prohibition laws was not relevant to prove the defendant's guilt. Had the defend-

ant desired to prove the witness' character, it was not proper to do so by particular acts of conduct.—*Jones v. State,* 76 Ala. 9, 15; *Steele v. State,* 83 Ala. 20, 25; *Davenport v. State,* 85 Ala. 336, 338; *Hussey v. State,* 87 Ala. 121, 132; *McQueen v. State,* 108 Ala. 54; *Andrews v. State,* 109 Ala. 14, 25; *McCutchen v. Loggins,* 109 Ala. 457, 465. The requested charges were properly refused. They were in direct conflict with the evidence.

PELHAM, J.—The defendant was convicted of a violation of the prohibition laws.

The rulings on the motion to exclude certain portions of the testimony of .the witness Morgan Clark are not presented in a way to raise the question of the correctness of the court's action in overruling the motion. As set out in the bill of exceptions, the motion is shown to have been made after the witness testified to these matters in response to questions, and no objection is shown to the questions. In fact, the witness is shown to have testified to the matters without objection. The defendant cannot put the court in error by moving to exclude answers that are responsive to the questions asked, when no objection was offered to the question. Otherwise it would be to allow the defendant to speculate on the answer of the witness and accept it, if satisfactory, and, if it proved detrimental or undesirable, to reject it by moving to exclude. This the defendant cannot do.— *Powell v. State, Infra,* 59 South. 530; *W. U. Telegraph Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *Dowling v. State,* 151 Ala. 131, 44 South. 403; *B: R. L. & P. Co. v. Taylor,* 152 Ala. 105, 44 South. 580; *Lewis v. State,* 121 Ala. 1, 25 South. 1017; *L. & N. R. R. Co. v. Bogue,* 58 South. 392.

The witness Morgan Clark having been allowed to testify without objection: "I have frequently seen a bar-

rel of whisky at Eufaula shipped to the defendant at Eufaula. The last time I saw a barrel at the depot in Eufaula was on last Thursday. It was hauled out last Friday. His son hauled it out. It was marked, 'Glass, 12½ gallons' "—it cannot be said to be prejudicial to allow the witness, against the objection of the defendant, to further testify that he had seen other shipments to the defendant, some in barrels and some in drums, and that he "saw a shipment about a week before the one I [he] have just testified about." The latter statement was but a continuation of what the witness had testified about, and the connection of the defendant with the shipments is sufficiently shown to authorize an admission of the testimony.

The fact that the witness Clark took a "pretty active stand" on the whisky question, and prosecuted people for violations of the prohibition laws, was too general, for the purpose of showing a bias against the defendant, to authorize a reversal of the case because of the court's refusal to permit the question to be asked upon cross-examination. The witness to whom the question was put was not the state's witness, who had testified to the illegal sale by the defendant. Neither an affirmative nor a negative answer would have a tendency to show a bias against this defendant. The witness' general activity in the enforcement of the law, if proven, would not authorize a conclusion of bias against the defendant.

The defendant having elicited from his witness by general questions his knowledge of the character of the state's witness Crews for truth and veracity, and also the general character of Crews, it was not permissible, in seeking to impeach the character of the witness, to go into the details of his character and prove particular acts, or his "manner and way of doing," or that he was

a "wishy-washy" boy, and the like. Particular acts of conduct or specific constituents of character cannot be shown in proving character on direct examination.— *McCutchen v. Loggins,* 109 Ala. 457, 19 South. 810; *McQueen v. State,* 108 Ala. 54, 18 South. 843; *Hussey v. State,* 87 Ala. 121, 6 South. 420; *Davenport v. State,* 85 Ala. 336, 5 South. 152; *Jackson v. State,* 77 Ala. 18; *Jones v. State,* 76 Ala. 9.

The evidence was in conflict on the matters the defendant requested the two charges upon, and they were properly refused.

In *Hendley v. State,* 3 Ala. App. 215, 58 South. 96, this court was not construing the present prohibition laws. The prosecution in that case was brought under the laws in force prior to the present prohibition statutes. In this case the testimony that whisky had frequently been seen at the depot, shipped to the defendant, was admittd without objection; and this was a circumstance that could be looked to in determining the question of the defendant's having violated the prohibition laws under the charge preferred against him, and for which he was being tried. In *Hendley's Case,* the whisky was not shown to have been shipped in the name of the defendant; nor was the defendant shown to have been connected in any way with the whisky about which the witness testified.

The record shows no reversible error, and the case will be affirmed.

Affirmed.