# Freeney *v.* City of Jasper.

### *Violating Municipal Ordinance.*

(Decided May 13, 1913.   62 South. 385.)

*Intoxicating Liquors; Sale; Evidence.*—Where the defendant claimed that the whisky found in his place of business was some that he had ordered for his own use about three weeks before, he ought to have been permitted to show how long it had been since he had ordered whisky prior to that order, as it was a circumstance tending to rebut the statutory presumption arising from the presence of whisky in his place of business.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

From a conviction in the Recorder's Court of the city of Jasper, for violating the prohibition law, Lewis Freeney appealed to the Circuit Court, where he was again found guilty, and appeals here. Reversed and remanded.

LACY & LACY, for appellant. The court should have allowed the evidence offered as to the time between the prior order for whisky and the order for the whisky found in defendant's place of business.—*Smith v. State,*

56 South. 39; *Coates v. State,* 59 South. 324; *Allison v. State,* 55 South. 454; *Wright v. State,* 136 Ala. 145.

R. A. COONER, for appellee. No brief reached the Reporter.

WALKER, P. J.—The defendant sought to show that the whisky which was found in his place of business was kept there, not for sale, but for his own personal use, and that it was all of three gallons of whisky which he had ordered about two weeks before except what he himself had consumed. As the frequency and amounts of shipments of intoxicating liquor to a person may be looked to as circumstances tending to show that he received it for sale or other unlawful disposition (*Allison v. State,* 1 Ala. App. 206, 55 South. 453; *Coates v. State,* 5 Ala. App. 182, 59 South. 323), so the fact, if it is a fact, that prior to one's receipt of the whisky which is found in his possession he had not bought or received other whisky in such amounts or with such frequency as would indicate that he was getting it for a purpose other than his personal use, may be looked to, in connection with the amount found in his possession, as a circumstance tending to prove that what he was found in possession of was held by him, not for sale or other unlawful disposition, but for his own personal use, and thus to rebut the statutory presumption arising from the fact of the whisky being kept in his place of business. We are of opinion that in refusing to permit the defendant to prove how long it had been at the time he made the order testified to by him since he had made another order for whisky the court improperly denied him the opportunity of proving a circumstance proper to be considered by the jury in determining his purpose or intent in having the whisky in

his possession. For the error committed in sustaining the objection to that question the judgment must be reversed.

Reversed and remanded.