## Fletcher *v.* The State.

*Violating Prohibition Law.*

(Decided February 9, 1915. 67 South. 631.)

1. *Intoxicating Liquors; Evidence.*—The evidence examined and held sufficient to sustain a conviction for unlawfully keeping intoxicating liquors for sale.

2. *Witnesses; Examination; Refreshing Recollection.*—The recollection of the express agent who made entries in a book of his delivery of intoxicants to the defendant may be refreshed by reference to the entries, and where his memory has been so refreshed, he may be cross-examined as to the entries, for the purpose of testing his recollection, and the adverse party may introduce in evidence the book · itself.

3. *Criminal Law; Election of Offenses.*—Where the state introduced evidence of a number of large shipments of intoxicating liquors to the defendant, it could not be required to elect as to which particular shipment it would rely on for a conviction, the prosecution being for keeping intoxicants for sale.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Ed. Fletcher was convicted of violating the prohibition laws and he appeals. Reversed and remanded.

PARKS & PRESTWOOD, for appellant. Counsel discuss the errors assigned, but without citation of authority.

ROBERT C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

BROWN, J.—The only evidence offered was that in behalf of the state and consisting of the testimony of two witnesses. The first, Thigpen, who was the railroad and express agent at River Falls, testified to delivering to the defendant from the depot at that place, on the following dates, the quantities of liquor hereafter stated: On March 2d, five boxes and one package of

whisky, weighing 304 pounds; on March 26th, two boxes and one package of whisky, weighing 200 pounds; on March 30th, two boxes of whisky, weighing 119 pounds; on April 4th, one cask of beer, weighing 230 pounds; on April 10th, one cask of beer, weighing 233 pounds; on May 15th, two casks of beer, weighing 470 pounds. The evidence showed without dispute that these different shipments of liquor were all consigned to the defendant under the name of E. C. Fletcher, and that they were delivered to him in person by the witness Thigpen. The other witness only testified to the fact that the defendant, whose name is Ed Fletcher, signed his name E. C. Fletcher.

In the absence of proof that the defendant is not a normal human being, or that he possesses an unusually abnormal capacity for consuming alcoholic beverages, it is safe to say that this evidence is sufficient to afford an inference that he was keeping these liquors for sale, and therefore it was sufficient to sustain a conviction.— *Bringman v. State,* 8 Ala. App. 400, 62 South. 980; *Coates v. State,* 5 Ala. App. 182, 59 South. 323; *Freeney v. City of Jasper,* 8 Ala. App. 469, 62 South. 385.

The entries in the book from which the witness Thigpen refreshed his recollection as to the dates the several packages were delivered were made by the witness at the time of the delivery, and it was proper to allow the witness to refresh his memory from these entries.— *Davie v. Roland,* 3 Ala. App. 567, 57 South. 1034; *B. R. L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 241.

While the entries in the book, from which the witness Thigpen had refreshed his recollection as to the dates he delivered shipments of liquors to defendant, were not offered in evidence, yet these entries were a legitimate subject of cross-examination, and the defendant had the right to inquire fully as to these and other entries pur-

porting to have been made at or about the same time, for the purpose of testing the recollection of the witness, and, if he desired, to offer the book itself in evidence. —*B. R. L. & P. Co. v. Seaborn,· supra; Acklen v. Hickman*, 63 Ala. 498, 35 Am. Rep. 54; *Council v. Mayhew*, 172 Ala. 295, 55 South. 317. The court, therefore, erred, to defendant's prejudice, in curtailing his right of cross-examination as to these entries and in not allowing the defendant to introduce in evidence the pages of the book containing the entries referred to by the witness to refresh his recollection.

The court was right in overruling the defendant's motion to require the state to elect as to which of the shipments it would rely on for conviction.—*Allison v. State*, 1 Ala. App. 206, 55 South. 453. There was no error in refusing the affirmative charge.—Authorities supra.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.