# Terry v. The State.

### Murder.

(Decided March 23, 1917.  74 South. 756.)

1. **Homicide; Evidence; Motive.**—Where there was no evidence showing that the motive for killing was to prevent the attentions of deceased to "the McClanahan woman," the evidence relative thereto was not admissible.

2. **Evidence; Character; Personal Knowledge.**—The mere opinion of witnesses as to the character of defendant for peace and quiet, based upon their personal knowledge, is not admissible for any purpose, it not being evidence of defendant's general character.

3. **Same.**—Where witnesses testified on direct examination as to their personal knowledge of defendant's character, this could not be made a predicate for showing on cross examination defendant's reputation for lewdness, as this specific trait is not admissible to impeach character for truth and veracity.

4. **Same.**—In order to impeach defendant's testimony, the impeaching evidence must relate to his general reputation or character in the community, or general reputation for truth and veracity, and it is not permissible to inquire as to any specific trait.

5. **Homicide; Self Defense; Retreat.**—Where both defendant and the deceased were rightfully at a public ferry, this did not relieve defendant of the duty of retreating in order to avoid a difficulty before taking the life of deceased.

6. **Same; Freedom from Fault.**—The question as to whether defendant was free from fault in bringing about the difficulty was a question for the jury.

7. **Same; Provoking Combat.**—The mere fact that defendant armed himself after deceased arrived and began to abuse him, might have had a tendency to provoke deadly combat, in which case the doctrine of self defense could not apply.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

James Terry was indicted for murder, convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

The facts sufficiently appear. The following are the charges refused to defendant:

(1) The court charges the jury that defendant was at his place of business, and under no obligation to retreat unless he was at fault in bringing on the difficulty.

[Terry v. The State.]

(2) The court charges the jury that the defendant, if after hearing of the threats, and when deceased came to his place and began to abuse him, if you find that he did, then defendant had the right to arm himself for defense of his person if he did so with no intention of having the pistol for offensive purposes.

MILO MOODY, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, P. J.— (1) In the absence of evidence tending to show that the motive for the homicide was to prevent deceased's attention to "the McClanahan woman," the evidence elicited by the state that the defendant and deceased were frequent visitors of this woman was wholly immaterial and should not have been admitted. We have examined the record carefully for such tendencies in the evidence, and find nothing that affords an inference that such was defendant's motive for killing Mathews.

(2) The defendant examined two witnesses, McAnnally and Graham, who testified that they had known the defendant since he was a little boy, "'and knew him to be a good man, peaceable, quiet citizen." This was not evidence of the defendant's general character for peace and quiet—in fact, was the mere opinion of the witnesses as to the defendant from their personal knowledge, and was not admissible for any purpose.—*Andrews v. State*, 159 Ala. 14, 48 South. 858.

(3) The testimony of these witnesses on direct examination, not relating to the defendant's general character, could not be made a predicate for showing on cross-examination that the defendant had the reputation of being lewd. Such evidence shed no light on the defendant's character for peace and quiet, and the specific trait of lewdness was not admissible to impeach his character for truth and veracity.—*Story v. State*, 178 Ala. 98, 59 South. 480; *Holland, Adm'r, v. Barnes*, 53 Ala. 83, 25 Am. Rep. 595.

(4) The court also erred in allowing the solicitor to ask the witness Jenkins on his direct examination the following question: "Do you know Terry's character in that neighborhood; I am not talking about his character for peace and quiet, but asking about his moral character, and from that talk do you think you know his moral character?" and in overruling the motion of the de-

[Samples v. The State.]

fendant to exclude the answer: "Well, it is a little bad." Manifestly the state was offering this to impeach the credibility of the defendant's testimony, and for this purpose the law limits the testimony to the general reputation or character in the community, or general reputation for truth and veracity, and for this purpose it is not permissible to inquire as to other specific traits. —*Coats v. State,* 5 Ala. App. 182, 59 South. 323; *McCutchen v. Loggins,* 109 Ala. 457, 19 South. 810; *McQueen v. State,* 108 Ala. 54, 18 South. 843; *Way v. State,* 155 Ala. 52, 46 South. 273.

The other matters pertaining to the admission or exclusion of evidence complained of appear free from reversible error.

(5) The killing was at a public ferry where both parties had a right to be, and the defendant was not relieved of the duty of retreating.—*Huguley v. State, infra,* 72 South. 764; *McGhee v. State,* 178 Ala. 4, 59 South. 573; *Thomas v. State,* 13 Ala. App. 50, 69 South. 315. The defendant not being, under the circumstances, relieved from the duty of retreat, charge 1 was well refused.

(6, 7) The question of defendant's freedom from fault was, under the evidence, for the jury; and charge 2 was an invasion of their province. The mere fact that he armed himself after the deceased arrived and began his abuse if such was the case, might have had a tendency to provoke deadly combat.—*Reese v. State,* 135 Ala. 13, 33 South. 672; *Langham v. State,* 12 Ala. App. 50, 68 South. 504.

We find no other error in the record; but for those pointed out the judgment is reversed.

Reversed and remanded.