(82 South. 569)

FENNELL v. STATE. (8 Div. 671.)

(Court of Appeals of Alabama. July 21, 1919.)

1. LARCENY ☞40(5) — VARIANCE — LARCENY FROM DWELLING—DESIGNATION OF.

There is no variance between averments of the indictment that a watch was taken from the dwelling house of L. and evidence that it was taken from a room occupied by prosecuting witness, which she rented from L., who with his wife occupied the rest of the house.

2. WITNESSES ☞344(1) — CHARACTER OF PROSECUTING WITNESS.

In a prosecution for larceny, it was not permissible for defendant to show that the prosecuting witness was a woman of lewd habits, or that the place where she lived was of notoriously low character, or in a neighborhood occupied only by negroes.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Edgar Fennell was convicted of larceny, and he appeals. Affirmed.

Wert & Lynne, of Decatur, for appellant. J. Q. Smith, Atty. Gen., for the State.

BROWN, P. J. [1] The state's witness Shaneyfelt testified:

"I lost a bracelet watch in February, 1917, which was taken out of the dwelling house of A. C. Lockhart, in Decatur, Morgan county, Ala., between 8 and 9 o'clock in the morning. I lived in the house with Mr. Lockhart, and it was taken out of my room. The watch was taken from a jewelry box on the dresser. The defendant and a boy by the name of Dunnaway were in my room that morning, and remained there some 25 or 30 minutes. A little more than an hour after they left I missed my watch. I afterwards got the watch back from policeman Bass. * * * I had a room at Mr. Lockhart's, 411 West Market street. * * * I rented the room from Mrs. Irene Lockhart. * * * He and his wife both lived there together. * * * I had rented a room from Mrs. Lockhart about a year. While I occupied one room, Mr. and Mrs. Lockhart occupied the balance of the house."

This evidence tends to sustain the averments of the indictment that the watch was

taken "from the dwelling house of·A. C. Lockhart," and the defendant's motion to exclude the evidence, on the ground that there was a variance between the averments and proof, was properly overruled, and the affirmative charge requested by the defendant was properly refused. Jackson v. State, 102 Ala. 167, 15 South. 344.

[2] It was not permissible for the defendant to show that the witness Shaneyfelt was a woman of lewd habits, or that the place where she lived was "of low character and a notorious place," or that no other families· except negroes lived near the witness. Terry v. State, 15 Ala. App. 665, 74 South. 757; Coates v. State, 5 Ala. App. 182, 59 South. 323; McCutchen v. Loggins, 109 Ala. 457, 19 South. 810; McQueen v. State, 108 Ala. 54, 18 South. 843; Way v. State, 155 Ala. 52, 46; South. 273; Story v. State, 178 Ala. 98, 59 South. 480.

We·find no error in the record.
Affirmed.