## WOODWARD v. STATE.  (7 Div. 947.)

(Court of Appeals of Alabama. Feb. 12, 1924.)

**1. Witnesses ☞344(2)—Cross-examination as to guilt of specific offense held properly excluded.**

The court properly excluded the question propounded on cross-examination, "You have been guilty of burglary, have not you?" where the evident purpose of the question was to discredit the witness and to show his bad character.

**2. Witnesses ☞344(1)—Reputation to affect credibility may not be proved by specific acts or facts.**

For the purpose of affecting the credibility of a witness, it is permissible to prove that he has been convicted of burglary, but reputation may not be shown by proof of specific acts or facts.

**3. Witnesses ☞406, 414(1)—Evidence in rebuttal held property received as corroborating state's witness and as contradicting accused.**

In a liquor prosecution, where state's witness testified accused left her house and went toward a white house near where she lived, and came back with the whisky, and accused testified she did not know whether there was a white house close to where she lived, it was competent, as corroborating state's witness and as contradicting defendant's testimony, for the state in rebuttal to show that there was a white house close to where accused lived.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Pearl Woodward was convicted of violating the prohibition law, and appeals. Affirmed.

Motley & Motley, of Gadsden, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for violation of the prohibition law.

The evidence for the state tended to show that the appellant (defendant in the court below) sold a gallon of corn whisky to one Catheron, a state's witness. The defendant denied that she sold the liquor or had any liquor in her possession.

[1, 2] The court properly sustained the objection of the state to the following question propounded to state's witness Southerlin on cross-examination by the defendant: "You have been guilty of burglary, have not you?" Had the witness answered in the negative, the evidence would have been clearly immaterial and irrelevant. But the evident purpose of the question was to discredit the witness and to show his bad character. For the purpose of affecting his credibility as a witness, it would have been permissible to prove that he had been convicted of burglary; but reputation may not be shown by proof of specific acts or facts. Crawford v. State, 112 Ala. 1, 21 South. 214; McQueen v. State, 108 Ala. 54, 18 South. 843.

[3] A witness for the state had testified that the defendant left her house and went off toward a white house near where she lived and came back with the whisky. The defendant testified that she did not know whether there was a white house close to where she lived or not. It was competent for the purpose of corroborating the state's witness, and also to contradict the defendant's evidence, for the state, in rebuttal, to show that there was a white house close to where the defendant lived.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.