# Morgan *v.* Wing.

### *Detinue.*

58 301
107 416
58 301
112 176

1. *Deposition; motion to suppress; when too late.*—It is too late to make a motion for the first time to suppress an entire deposition, after the parties have expressed themselves ready for trial and announced satisfaction with the jury.

2. *Demurrer; rulings on; when not revised.*—Where rulings upon demurrer are not shown by any judgment entry, the appellate court will not revise them, although the bill of exceptions recites what such ruling was.

3. *Detinue; what not pleadable in bar or abatement of.*—The failure to find and seize the property sued for, can not be pleaded in bar or abatement of an action of detinue.

APPEAL from Clarke Circuit Court.

Tried before Hon. H. T. TOULMIN.

The appellee Wing brought detinue, the complaint being in the form prescribed by the Code, against appellant, Morgan, to recover a mule and wagon.

[Morgan v. Wing.]

Wing made affidavit, which he neglected to sign, before the clerk, and gave bond to obtain an order of seizure of the property. The clerk failed to approve the bond in writing, but made the proper order directing the sheriff to seize the property, and the sheriff made return that he had served a copy of the summons and complaint on the defendant, but could not find the property.

The defendant moved the court to dismiss the case, because the property sued for was not found or seized; but the court overruled the motion.

The defendant then demurred to the complaint, because plaintiff's affidavit was not signed by him ; because the bond was not endorsed 'approved by the clerk,' and because no levy had been made on the specific property sued for. The action of the court upon the demurrer is not shown by any judgment entry, but the bill of exceptions recites that it was overruled.

After the parties had announced themselves ready for trial, and that they were satisfied with the jury, and "as plaintiff's counsel was about to read the complaint to them, defendant moved to suppress the entire deposition of one Riddle, one of plaintiff's witnesses, on the ground that the certificate of the commissioner was defective," &c. The court overruled the motion and the defendant excepted.

The refusal to dismiss the cause; the overruling of the demurrer, and of the motion to suppress the deposition of Riddle, are now assigned for error.

JOHN Y. KIRKPATRICK, for appellant.

THOS. H. PRICE, contra.

STONE, J.—When both parties announce themselves ready for trial, and express themselves satisfied with a jury empanneled for the trial, the trial is so far entered upon, as to preclude the consideration of a motion then for the first time made, to suppress an entire deposition taken in the cause.—Code of Ala. § 3081.

' The ruling on demurrer, not being shown in the judgment entry, can not be considered by us. If it could, there is nothing in the present demurrer, which, if a defect at all, could be reached in that form. The demurrer only brings up the sufficiency of the complaint.

In an action to recover chattels in specie, a failure to find and seize the property sued for, is no defense, either in abatement or bar.

Affirmed.