# National Fertilizer Co. v. Holland.

*Action of Assumpsit on Promissory Note.*

1. *Motion to supress deposition not too late after announcement of ready but before entering on trial.*—The mere announcement of the parties that they are ready for trial, is not such an entering on the trial, within the meaning of Code 1886 § 2810, as to preclude a party from making a motion to suppress a deposition.

2. *Notice of taking depositions.*—A party has the right, upon making affidavit, to take depositions of a witness *ore tenus* under Code 1886 § 2801, except as to subdivision 3, after proper notice to the adverse party; but if he proceeds, under either subdivision, to take testimony by interrogatories filed with the clerk of the court, the opposite party is entitled to notice in writing and has ten days thereafter to file cross interrogatories.

3. *Assignment of error must particularize the ruling complained of.*—An assignment of error that the court erred in not granting one of three designated motions, without specifying the particular ruling

[National Fertilizer Co. v. Holland.]

complained of, is too indefinite to be considered, where it appears that the ruling on each motion is matter for separate assignment of error.

4. *Production of books of secret association.*—In an action on a contract between a secret association and its members, books of the association containing evidence of the contract must be produced in evidence, if necessary, though secrets of the association will be thereby disclosed.

5 *Attachment to compel production of books.*—Only parties who have the custody or control of books that are necessary to be put in evidence can be required, by attachment, to produce them.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN R. TYSON,

The appellant, the National Fertilizer Company, brought the present action against the appellees, E. E. Holland and others, upon a promissory note, alleged to have been executed to the plaintiff by the defendants.

After the case was called for trial, and after the plaintiff and defendants had announced ready, the defendants moved the court to suppress the deposition of one J. B. Reid, which had been taken by the plaintiff in the cause. The interrogatories, upon which said deposition was founded, were propounded under section 2802 *et seq*. of the Code of 1886, and the affidavit set forth the ground named in subdivision 5 of section 2801 for taking such deposition. The grounds upon which the motions to suppress said deposition was based were : (1,) Because the defendants had no notice of interrogatories being filed to J. B. Reid by the plaintiff. (2 ) Because the defendants resided in Geneva county ; and the interrogatories were filed with the clerk of the circuit court of Geneva county, and the defendants were not served with notice of the filing of said-interrogatories. had no knowledge of such filing, and, therefore, had no opportunity to file cross interrogatories to said J. B. Reid. The facts set forth as grounds for said motion were admitted to be true by plaintiff's counsel, but he replied that the commissioner named to take such deposition gave defendant's attorney notice of the time and place of taking the deposition on the interrogatories filed by by plaintiff to the witness Reid. This statement was admitted to be true by defendants. Thereupon the court sustained the motion of defendants, and suppres-

sed the deposition of the witness J. B. Reid; and to this ruling of the court the plaintiff duly excepted.

The plaintiff propounded interrogatories to the defendants under section 2816 *et seq.* of the Code of 1886. In these interrogatories the plaintiff asked the defendants to attach to their answer the book kept by the Mt. Pleasant Alliance containing a record of all the proceedings during the years 1889 and 1890 of said Alliance; of which alliance all the witnesses were members. After these interrogatories and the answers thereto were read in evidence, the plaintiff moved the court to attach the defendants, and cause them to answer fully in open court court. The court overruled this motion, and plaintiff duly excepted, The plaintiff then moved the court to enter judgment by default against defendants, which motion the court overruled, and plaintiff duly excepted. The plaintiff then moved the court to continue the cause until full answers to said interrogatories were made by the defendants. The court refused this motion also, and plaintiff duly excepted. The ground upon which each of the foregoing motions was made was that the answer filed by the defendants to the interrogatories propounded to them by plaintiff were not full, but evasive, in this: that the defendants failed to attach to said answers the book or books containing the record of the proceedings had by Mt. Pleasant Alliance during the years 1889 and 1890. The bill of exceptions recites: ''Counsel for the plaintiff stated to the court that he expected to show by said books that said Alliance of which all the defendants were members, introduced and passed resolutions authorizing the purchase of guano from the plaintiff, and that the note sued on in this action be given therefor, and that said books showed the date, amount and names of persons signing it. Counsel for defendants, in reply, stated that such books contained no such entries as alleged by plaintiff's counsel; that there were other entries that were of a private character; and plaintiff had demanded the entire books in the interrogatories filed, and the defendants refused to surrender the entire books.'' All of the defendants swore that there was nothing in said books showing such facts as stated by plaintiff's counsel. The bill of exceptions then states: ''In consequence of the adverse rulings of the court in

[National Featilizer Co. v. Holland.]

suppressing the deposition of J. B. Reid, and in refusing to grant the several motions heretofore noted, the plaintiff was unable to proceed further, and was compelled to take a non-suit."

The appeal is prosecuted by the plaintiff, who assigns as error the ruling of the court in suppressing the deposition of the witness J. B. Reid, and also the other rulings of the trial court, which are assigned as follows : "The court below erred in its action on the several motions made by appellant—it should have granted one of the three motions."

M. E. MILLIGAN for the appellant.—The statute is plain that notice of the filing of the interrogatories need be given only when the deposition is sought to be taken under subdivision 3 of section 2801. Section 2802 directs what preliminary steps shall be taken by a party to "take such deposition" referring to the provisions of section 2801; and said section (2802), concludes : "When the testimony is desired under the third subdivision of the preceding section, the testimony must be taken by interrogatories, as required by the succeeding section." And it is only by force of the provisions of the "succeeding station" (2803) that any notice of the filing of interrogatories is required to be given the opposite party, and an opportunity for cross-examination afforded. There are several reported cases where the deposition was sought upon the same ground as in the present case, and in none of these cases except *Patts v. Coleman*, 86 Ala. 94 did it appear that either the objection urged in the present case was raised, or that there was any cross examination of the witness to whom interrogatories were propounded.—*May v. May*, 28 Ala. 141; *Henry v. Northern Bank*, 63 Ala. 527.

It is true that the deprivation of the right to cross examine might, in many instances, work a hardship on litigants ; but the legislature has provided for it in no instance, save where the deposition is sought under the third subdivision of section 2801.

The motion for the suppression of the deposition came too late and for this reason was improperly granted. *Morgan v. Wing*, 58 Ala. 301.

As to the last assignment of error relating to the action of the court below in overruling the three motions

[National Fertilizer Co. v. Holland.]

made by appellant under section 2820.   See 22 Ala. 221 and 6 Ala. 438.

COLEMAN, J.—The mere announcement of the parties, that they are ready for trial is not such an entering on the trial, as to preclude a party from making a motion to suppress a deposition.—Code § 2810.   The court has the right to demand of the parties, whether they are ready before he is required to hear and determine any question connected with the cause.   The rule declared in *Morgan v. Wing*, 58 Ala. 301, will not be extended further than as therein stated.   Interrogatories were propounded by the plaintiff under subdivision 5, of section 2801 of the Code, and filed with the clerk.   The motion to suppress the deposition was based upon the ground, that the opposite party had not been served with notice of the filing of the interrogatories and had no opportunity to file cross-interrogatories.   A party has the right upon making affidavit to take the deposition of a witness *ore tenus* under section 2801, except as to subdivision 3, after proper notice to the adverse party.   If, however he proceds to take testimony under either subdivision by interrogatories filed with the clerk of the court, the opposite party is entitled to no tice in writing, who has ten days thereafter to file cross-interrogatories.—Code, § 2803.   The court did not err in suppressing the deposition. .

The judgment entry and bill of exceptions are not consistent.   The judgment entry states:   "This day came the parties by their attorneys, and the defendant moves the court to suppress the deposition of J. B. Reid, which was considered by the court, and the deposition suppressed.   Thereupon the plaintiff makes known to the court, that it will take a non-suit, it is, therefore, considered by the court that a non-suit be entered,"   &c.   The bill of exceptions states that after the suppression of the deposition of J. B. Reid, the plaintiff read to the court interrogatories filed by the plaintiff to the defendants under section 2816 of the Code, and answers thereto, and moved the court under section 2820, 1st, to attach the parties ; 2d, to continue the cause until full answers are made ; or, 3d, to direct a judgment by default ; each of which motions was based upon the averment that the answers were not full, or were evasive. The motions

[White v. White.]

were overruled by the court. The judgment entry recites that the non-suit was entered in consequence of the suppression of the deposition of Reid, whereas the bill of exceptions shows, that the non-suit was suffered in consequence of the suppression of the deposition of Reid and the adverse rulings of the court upon the said several motions. Whether the judgment entry should prevail or not, the assignment of error as to the action of the court upon the motions of the plaintiff is too indefinite to call for any adjudication by this court. It is in effect that the court "should have granted one of the three motions." The ruling of the court upon each of the motions, might have been matter for separate assignments of error, but when the assignment is, that the court erred in not granting one of the three motions, without specifying the particular error complained of, the assignment is so uncertain and indefinite that we will decline to consider it.—*Cobb v. Malone*, 92 Ala. 830 ; *Murphree v. City of Mobile*, 96 Ala. 141.

No organization, or the members thereof, can withhold the evidence of contracts made by it or them with other persons or the public on the ground that it is a secret order, and the production of the books which contain the evidence will expose its secrets, nor can such organization or persons, determine the legal effect of its resolutions, pertaining to the matter of the contract. Only those who have the custody or control of the books can be required to produce them, and a motion to attach parties who have not the custody of the books, or the authority to produce them, can not be granted.