# Wells Amusement Co. *v.* Means.

## *Damages for Being Ejected from Playhouse.*

(Decided Nov. 21, 1911.   56 South. 594.)

*Evidence; Negative Evidence; Admissibility.*—Where the defendant introduced evidence showing that plaintiff was drunk and disorderly, and was ejected for that reason, testimony by a witness that he had never known of plaintiff's being drunk, the witness having known plaintiff for several years, but never having employed him and knowing nothing of what plaintiff did at night, was not relevant or admissible. Relevant evidence is that which logically tends to prove or disprove a fact in issue, and the knowledge of the witness in question, did not logically tend to prove, whether plaintiff was drunk or sober at the time referred to.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Thomas Means against the Wells Amusement Company for damages for being ejected from a playhouse, and assaulted and otherwise injured. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court was in error in permitting Going to testify that he has never heard of the plaintiff ever being drunk or drinking at all. Under the circumstances, defendant had the right to eject plaintiff, and the court should have given charge 2.—*B. R. & E. Co. v. Baird*, 130 Ala. 344.

BOWMAN, HARSH & BEDDOW, for appellee. The evidence was admissible and the court was not in error in its rulings thereon.—59 N. H. 55; 109 N. C. 813; 11 Ohio St. 114. Counsel discuss the charges refused, but without citation of authority.

WALKER, P. J.—The defendant introduced evidence tending to show that the plaintiff was drunk and disorderly on the occasion of his being put out of the defendant's theater. S. F. Cunningham, a witness introduced in rebuttal by the plaintiff, stated: "I have known this negro Tom Means [the plaintiff] for several years, but I cannot say exactly how long—for several years." The plaintiff's counsel then asked the witness the following question: "I say, have you ever known of him drinking any or being under the influence of intoxicating liquors in any way?" The defendant objected to the question on the ground that it called for immaterial, irrelevant, and incompetent testimony, and duly excepted to the action of the court in overruling the objection. The witness answered: "I have never seen him under it." On cross-examination this witness stated: "I have known Tom Means for several years. He never did work for me. I do not know what he does after dark when he goes to shows. I have never been thrown with him any." The appellant assigns the above-mentioned ruling as error. Another assignment of error is based on a similar ruling on an objection to a question on the same line propounded to another witness.

We are of opinion that the evidence called for by the questions was not legally relevant, and that the objections to the questions should have been sustained. "As a general rule, facts are deemed relevant as evidence which logically tend to prove or disprove the fact in issue, yet the rule does not require the admis-

sion of facts bearing so remotely upon the issue that they afford merely a conjectural inference concerning the main fact." *Steen v. Swadley*, 126 Ala. 616, 28 South. 620. "There must be a plain and manifest connection between the issue in controversy and the collateral facts introduced to sustain or rebut it. The evidence must have a proximate tendency to establish the proof or disproof of this principal issue, and must not be so indefinite or speculative as to be incapable of affording the jury a reasonable presumption or inference of its truth or falsity."—*Brewer v. Watson*, 65 Ala. 88; *First National Bank v. Stewart*, 114 U. S. 224, 5 Sup. Ct. 845, 29 L. Ed. 101. In the case at bar the purpose of the evidence objected to was to furnish the basis for an inference by the jury that the plaintiff was not drunk on the occasion in question. The issue raised was on that question of fact, and not as to the plaintiff's habit of indulging in or refraining from the use of intoxicants, nor as to his character or reputation in that regard. It cannot with reason be said that the mere fact that a person whose knowledge of the plaintiff's life was as meager as that of the witness Cunningham had not seen him under the influence of intoxicating liquor could logically tend to rebut the proof that he was drunk on the occasion in question. Such an inference from such proof would be the merest conjecture. The conclusion that a person who is charged by the testimony of an eyewitness to have been drunk at a certain time was in fact then sober hardly could be said to be a logical or permissible deduction from the bare fact that another witness who had been acquainted with him for several years, but who was not present on the occasion in question, and was not even shown to be familiar with his course of life, testifies that he had not seen such person under the influence of intoxicating

liquor. Certainly the connection between that proof and the fact sought to be established by it could not be said to be plain and manifest. On the contrary, such an inference from such proof would be the merest surmise or conjecture. The law does not permit decisions of fact to be made on mere conjectures or remote inferences, and excludes evidence the real tendency of which would be to mislead the jury to a conclusion for which the evidence furnishes no substantial support.

The court was in error in the rulings above mentioned.

Reversed and remanded.