# Hadnot, *et al. v.* The State.

### *Burglary.*

(Decided Jan. 16, 1912.   Rehearing denied Feb. 1, 1912.
57 South. 383.)

1. *Evidence; Trailing by Dogs.*—While evidence of the trailing of a defendant by dogs trained to track human beings is admissible, the defendant should be given the fullest opportunity by cross examination to inquire into the breeding and testing of the dogs that may have a proximate tendency to shed light on the question of the value as evidence of the conduct of the dog.

2. *Same.*—Where a state's witness testified on direct examination as to the circumstances of the dog trailing the defendant, questions on cross examination as to whether the witness remembered that he had a man charged with resisting arrest and whether the dogs were ever known to quit the trail and hunt rabbits, were properly excluded because not limiting the question to the capacity of the dog as trailers at the time they were used to furnish evidence against accused.

3. *Trial; Exclusion of Evidence.*—Evidence may be excluded when it is such as to furnish a basis for nothing more than a mere conjecture or remote inference in reference to a transaction in issue.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

James Hadnot and another were convicted of burglary and they appeal.   Affirmed.

MARK D. BRAINARD, and EUGENE BALLARD, for appellant.   The court erred in excluding evidence as to what the dogs had done in the past, and as to whether or not they were ever known to leave the track and hunt rabbits.—*Simpson v. The State,* 111 Ala. 6; *Richardson v. The State,* 145 Ala. 46; *Hodge v. The State,* 98 Ala. 10; *Pedigo v. Commonwealth,* 103 Ky. 41; 97 N. W. 598; 129 N. C. 497; *Jackson v. The State,* 159 Ala. 23.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   This

case should be affirmed on the authority of *Simpson v. The State,* 111 Ala. 6.

WALKER, P. J.—When evidence of the trailing of the defendant in a criminal case by dogs trained to track human beings has been admitted against him, he should have the fullest opportunity by cross examination to inquire into the breeding and testing of the dogs, and into any facts or circumstances tending to show that, by reason of their unreliability, or of their lack of proper training, the incriminating value of the evidence was impaired.—*Richardson v. State,* 145 Ala. 46, 41 South. 82. But the facts or circumstances so sought to be brought out must be such as would have a proximate tendency to shed light upon the conduct of the dogs on the occasion which is the subject of investigation.—*Simpson v. State,* 111 Ala. 6, 20 South. 572.

In the present case a witness for the state, who had testified as to the circumstances of dogs trailing the defendants, was, on his cross-examination, asked two questions: (1) If he remembered that he had a man charged with resisting arrest, a negro boy; and (2) if these dogs were ever known to quit the trail and hunt rabbits. An exception was reserved to the action of the court in sustaining an objection to each of these questions. Neither of the questions necessarily suggested that the answer to it might have a logical tendency to prove that at the time of the occurrence under investigation the dogs had not been properly trained to trail human beings, or that at that time they were unreliable for that purpose. The purpose of the questions may have been to elicit evidence of the behavior of the dogs when they were immature and before they had been trained or tested. The fact that on some occasion long before the date of the one in question, and before the dogs had had

any training, they quit the trail of a man or boy and.
hunted rabbits, could not reasonably tend to rebut evi-
dence tending to prove that at the time they trailed the
defendants they had been properly trained and tested
and could be relied upon persistently to trail a person
upon whose track they had been put.   Conceding that
it is permissible in such a case for the conduct of the
dogs on other occasions to be inquired about for the pur-
pose of showing their capacity or lack of capacity to
furnish evidence tending to connect a certain person.
with the commisison of the offense charged, yet cer-
tainly the court may so limit the investigation as to ex-
clude evidence of the behavior of the dogs before their
capacity in this respect had been developed, and to con-
fine it to instances of their behavior having a tendency
to illustrate to what extent, if any, they could be ex-
pected to keep on the trail of a human being at or about
the time in question.   When, in the prosecution of such
an inquiry, a question is asked which on its face indi-
cates that it may elicit an answer referring to the de-
tails of the behavior of the dogs on an occasion so sepa-
rated in time from the one under investigation, or under
such dissimilar conditions and surroundings, as not
fairly to illustrate their traits or capacity as trailers.
at the time they were used to furnish evidence against
the defendant, the court is not to be put in error for
sustaining an objection to it.   Unless it is permitted in
this way to limit the scope of the inquiry, the time of
the court might uselessly be consumed by recitals of in-
stances of the behavior of the dogs on occasions so re-
mote in time from the one that has been deposed about,.
or under conditions so substantially dissimilar, that
they could have but a remote tendency to shed light
upon the quqestion of the probative value of the evi-
dence so sought to be assailed.

Evidence may be excluded when it is such as to furnish a basis for nothing more than mere conjectures or remote inferences in reference to the transaction under investigation.—*Wells Amusement Co. v. Means*, 2 Ala. App. 574, 56 South. 594. We are of opinion that it was not made to appear that the questions objected to called only for evidence legally relevant to the issue, and that the court cannot be charged with error for sustaining the objections to them.

Affirmed.