# Turner *v.* The State.

### *Shooting Into Car.*

(Decided Feb. 1, 1912.   Rehearing denied April 4, 1912.
58 South. 116.)

1. *Shooting Into Train; Evidence; Jury Question.*—It was a question for the jury under the evidence in this case whether the crime of shooting into a car had been committed.

2. *Evidence; Confessions; Predicate.*—When shown to be voluntary evidence of confessions made by a defendant is admissible.

3. *Witnesses; Impeachment; Contradictory Statement.*—Where a witness testified that she had never seen the defendant with any kind of a pistol, and was then asked if she did not tell her mother, in the presence of a named person, on the day of the defendant's arrest, that she had carried his pistol down to his house the day be-

[Turner v. The State.]

fore, it was competent to introduce evidence to show that the witness had made such a statement at the time and place to which her attention had been called, for the purpose of impeaching her.

4. *Same; Predicate.*—It need not be shown that the statements were made in the presence of the party in whose favor the witness was being examined in order to render evidence of statements contradictory to the statements of the witness admissible in evidence.

5. *Same; Materiality.*—As matter in rebuttal of the evidence for the state in a prosecution for shooting into a car, evidence that the defendant did not have a pistol, was material, so as to be the subject of contradiction.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Will Turner was convicted of shooting into a car, and he appeals. Affirmed.

M. M. & V. H. SMITH, for appellant. There was not sufficient evidence of the corpus delicti to corroborate the confession in order to support a conviction of felony. —*Matthews v. The State,* 55 Ala. 187; *Johnson v. The State,* 59 Ala. 40; *Winslow v. The State,* 76 Ala. 47; *Bowling v. The State,* 98 Ala. 83; *Bradford v. The State,* 104 Ala. 68; *Harden v. The State,* 109 Ala. 50. The confessions were improperly received.—*Young, et al. v. The State,* 68 Ala. 569; *Brister v. The State,* 26 Ala. 107, and authorities supra. The court improperly permitted the defendant's witness to be impeached as the matter of contradiction was immaterial.—*Crawford v. The State,* 112 Ala. 12; *Orlez v. Jewett,* 23 Ala. 62; *Blakely v. Blakely,* 33 Ala. 611; *Kelly v. L. & N.,* 148 Ala. 143; *So. Ry. v. Hobbs,* 151 Ala. 335. Declarations or acts of third persons not made in the presence of the accused should not be received in evidence against him.—*Hall v. The State,* 51 Ala. 9; *Tolbert v. The State,* 87 Ala. 27.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The confessions were properly admitted. It was shown that

[Turner v. The State.]

no inducements were offered the defendant and that no threats were made.—*Spicer v. State,* 69 Ala. 159; *Hornsby v. State,* 94 Ala. 55; *Goodwyn v. State,* 102 Ala. 87; *Burton v. State,* 107 Ala. 108; *Newell v. State,* 115 Ala. 54; *McKiney v. State,* 134 Ala. 134. The alleged offense having been committed with a pistol, and the defendant and his witnesses having testified that he had no pistol, that they had never seen him with one, it was competent to impeach their testimony on this issue. ˙The proper predicates were laid as to time and place.—*Powell v. State,* 19 Ala. 581; *Hughes v. Wilkinson,* 35 Ala. 453; *Bradford v. Barclay,* 39 Ala. '33; *Henderson v. State,* 70 Ala. 29; *Brown v. State,* 79 Ala. 61; *Floyd v. State,* 83 Ala. 16; *So. Ry. Co. v. Williams,* 113 Ala. 620; *Henson v. State,* 120 Ala. 316.

WALKER, P. J.—There is no merit in the suggestion that there was an absence of evidence tending to prove the corpus delicti. The evidence tending to show that a hole such as would be made by a bullet from a No. 41 pistol cartridge was found in the glass of a window of a passenger car forming part of a train of the Southern Railway Company, where there was no hole ' before, shortly after a report was heard similar to that of a pistol, furnished some basis for an inference that some one with a gun 'or pistol shot into or at a passenger car forming part of a train of that company, as alleged in the indictment.

Evidence ˙of confessions made by the defendant was properly admitted, after the required predicate had been laid by showing that they were voluntary.—*Parrish v. State,* 139 Ala. 16, 36 South. 1012; *Braham v. State,* '143 Ala. 28, 38 South. 919.

Beatrice Lindsay, a witness for the defendant, having testified that 'she had never seen him with any kind of gun or pistol, and having been asked, on her cross-exam-

[Turner v. The State.]

ination, if she did not tell her mother, in the presence of Mr. Powell, on the day the defendant was arrested, that she had carried defendant's pistol down to his mother's in some clothing the day before, it was proper, in rebuttal, to admit evidence tending to prove that the witness had made such statement at the time and place. to which' her attention had been called in the question to her. The testimony of a witness may be impeached in this way by evidence of contradictory statements; the proper predicate having been laid.—*Henson v. State,* 120 Ala. 316, 25 South. 23; *Southern Railway Co. v. Williams,* 113 Ala. 620, 21 South. 328.

It is not a prerequisite to the admissibility of evidence of such contradictory statements that they be shown to have been made in the presence of the party in whose behalf the witness was examined.—*Stinson v. Faircloth-Byrd Co.,* 3 Ala. App. 601, 57 South. 143.

There is nothing in the suggestion that the contradiction should not have been permitted, because it was in reference to an immaterial part of the testimony of the witness. The testimony to the effect that the defendant did not have a pistol was in rebuttal of the evidence offered by the prosecution tending to show that he shot into the car with a pistol. That testimony was material, and was subject to contradiction. There was no error in the ruling of the court in this connection.

What has been said disposes of several other similar rulings to which exceptions were reserved. We find no error in the record.

Affirmed.