# Henley *v.* The State.

*Violating Prohibition Law.*

(Decided Feb. 8, 1912. 58 South. 96.)

1. *Criminal Law; Evidence; Relevancy.*—Where it was not shown
that the whiskey alleged to have been sold by the plaintiff was any
part of that which was the subject of the inquiry, or that the de-
fendant had a knowledge of or agency in its carriage, it was prej-
udicial error to permit a witness to state over objection whether he
knew of any whiskey being carried between two towns prior to a
certain date.

2. *Evidence; Confession.*—Confessions become admissible when it
it shown that they were voluntarily made.

3. *Intoxicating Liquors; Burden of Proof.*—Sections 5076, Code
1896, denounces an offense which is made out prima facie by
showing a sale without license of intoxicating liquors in quantities
less than a quart, or in any quantity where it is drank on the
premises, casting the burden on the defendant of showing the trans-
action was not a violation of the law, and hence, on such a state
of facts, the defendant was not entitled to the affirmative charge.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

L. W. Henley was convicted of violating the prohibi-
tion law and he appeals. Reversed and remanded.

REID & PRESTWOOD, for appellant. The court erred
in permitting it to be shown that whisky was carried

• between Andalusia and Falco, as it was not shown that defendant had anything to do with it, or that the whisky alleged to have been sold was a part of this whisky.—*Wells Amus. Co. v. Means,* 56 South. 594. The evidence discloses that the defendant was merely an assisting friend, and under that section under which the indictment was drawn, he is entitled to the affirmative charge.—*DuBois' case,* 87 Ala. 101; *Maples v. The State,* 130 Ala. 121.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State The confessions were properly admitted as proper predicate had been laid.—*Spicer v. The State,* 69 Ala. 159; *Burton v. The State,* 107 Ala. 108; *McKinney v. The State,* 134 Ala. 134. The act of the court in permitting the witness to be recalled was within the court's discretion.—*Riley v. The State,* 88 Ala. 193; *Braham v. The State,* 143 Ala. 28; *Turner v. The State,* 160 Ala. 55. The state made out a prima facie case, and the burden was cast upon the defendant to show the authority to sell.—*Tinker v. The State,* 96 Ala. 115. The court, therefore, properly refused the charges requested.

PELHAM, J.—The affidavit charging the defendant, who prosecutes this appeal, with having sold spirituous, vinous, or malt liquors without a license and contrary to law, was issued and filed on the 9th day of July, 1907, and the defendant was tried on August 28, 1911. The state introduced two witnesses on the trial of the case on issue formed by defendant's plea of "not guilty," who testified to facts showing a purchase by them of whisky from the defendant. One of the witnesses testified that he bought the whisky from the defendant and paid him $1.25 for it. The other witness testified that

he furnished the money to buy the whisky, and afterwards received it, and that subsequently the defendant admitted to him his connection with the transaction, which was shown to have taken place on the 26th day of October, 1906, at Falco, in Covington county.

The defendant was charged with violating section 5076 of the Code of 1896, and his testimony tended to show that he had no connection with the transaction that would constitute an offense under section 5076 of the Code of 1896. The court permitted the solicitor, against the objection of the defendant, to ask one of the state's witnesses the following question: "Did you know of any whisky being carried from Andalusia to Falco prior to the 26th day of October, 1906, in bottles?" It was not shown that the whisky alleged to have been sold by the defendant was any part of the whisky carried from Andalusia to Falco, or that defendant had a knowledge of or agency in the carriage of this whisky; nor is it shown that the defendant had any connection whatever with the whisky so carried. The evidence was clearly irrelevant, and we cannot say that its admission was error without injury, as its admission by the court against the defendant's objection was calculated to prejudice defendant's case before the jury, by permitting them to weigh a circumstance against him for which he was not shown to be responsible, or have knowledge of, or be connected with.—*Wells Amusement Co. v. Means*, 2 Ala. App. 574, 56 South. 594, and cases there cited.

There was no error committed in allowing the witness Givens to testify to the confession. It was based on a proper predicate determined by the court.—*McKinney v. State*, 134 Ala. 134, 3 2South. 726; *Burton v. State*, 107 Ala. 108, 18 South. 284; *Goodwin v. State*, 102 Ala. 87, 15 South. 571.

The general charge requested by defendant was properly refused. Under section 5076 of the Code of 1896, if the state shows a sale, this establishes a prima facie case, and the burden is then cast upon the defendant to show that the transaction was not a violation of the law.—*Tinker v. State,* 96 Ala. 115, 119, 11 South. 383.

It is unnecessary to discuss the other questions, as, for the error pointed out, the judgment of the city court must be reversed, and the cause remanded.

Reversed and remanded.