# Barr *v.* The State.

### *Embezzlement.*

(Decided January 16, 1913.   61 South. 40.)

1. *Indictment and Information; Issues; Incorporation; Plea; Time.*—Under section 6876, Code 1907, the denial of incorporation must be interposed by special plea, and where a defendant offers to file such a special sworn plea denying the existence of a corporation, before the selection of the jury for his trial, he offers the plea in time, and raises an issue of fact.

2. *Appeal and Error; Harmless Error; Pleading.*—Error in sustaining objection to a special plea denying corporate existence is not rendered harmless by the statement of the court that the accused may prove the non-existence of the corporation under his plea of not guilty, since thereby, the burden of proving the non-existence of a corporation is placed upon the defendant, whereas, under the special plea the burden rests on the state.

3. *Same.*—Although the bill of exception recites the introduction in evidence over the objection of defendant of a paper purporting to be a certified copy of the charter of the corporation mentioned in the indictment, but the paper was not set out nor described therein, the court cannot declare that the error in sustaining objections to defendant's special plea denying the existence of the corporation was rendered harmless by the undisputed evidence of corporate existence.

4. *Evidence; Confessions.*—Gratuitous confessions by a defendant not induced by any improper influence of hope or fear are admissible.

5. *Embezzlement; Evidence.*—Where on the trial the evidence showed a sale by defendant of the property of his principal, and of his receipt and continued retention of the purchase price without an accounting therefor, there was sufficient evidence of the corpus delitci to justify the admission of defendant's confession of the embezzlement.

6. *Same; Elements; Agency.*—In order to establish embezzlement, the state must show that defendant was the agent of the principal named in the indictment, and that the money charged to have been embezzled was received by defendant as such agent.

7. *Same; Instructions.*—Where the evidence justifies the inference that defendant fraudulently appropriated money belonging to his principal, though he had no purpose to do so at the time he received it, charges predicating the right of an acquittal on a finding that he did not intend to embezzle the money at the time he received it, was improper, for although he had no such intent at the time, yet if he subsequently entertained it when he appropriated the money to his own use, he was guilty.

[Barr v. The State.]

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Otto T. Barr was convicted of embezzlement, and he appeals. Reversed and remanded.

The embezzlement charged was that of funds of the White Company, a corporation organized under the laws of the state of Ohio, which came into defendant's possession, as agent of said company. Before entering into the trial of the case, defendant offered to plead a denial of the existence of the White Company as a corporation, and to that end filed a sworn plea; but the court refused to allow the plea to be filed.

The following is charge 14, refused to defendant: "If the state has failed to prove, to the satisfaction of the jury, that the defendant was the agent of the White Company, and as such agent received the money, the jury will find him not guilty."

"(15) If, on consideration of all the evidence in this case, you can reasonably conclude that the defendant, at the time he received the money, had no intention of embezzling the same, or fraudulently converting it to his own use, then it is your duty to acquit him."

TILLEY & ELMORE, for appellant. The defense of non-existence of corporate character when relied on must be interposed by special sworn plea.—Section 6876, Code 1907. The plea was filed in time.—12 Cyc. 261; *State v. Vaughan,* 121 Ala. 41; *Gunter v. The State,* 83 Ala. 96; *Western v. The State,* 63 Ala. 155; *Faulk v. The State,* 52 Ala. 415; *National Fert. Co. v. Holland,* 107 Ala. 412. The statement of the court that its non-existence could be shown under defendant's plea of not guilty did not cure the error as it lightened the state's burden of proof and put a burden on the defendant that the statute did not contemplate. The mere receipt of money

[Barr v. The State.]

and failure to account therefor was not embezzlement. —*Henderson v. The State*, 29 South. 799; *Johnson v. The State*, 37 South. 937. Hence, the corpus delicti had not been so shown as to authorize the admission of confessions.—*Matthews v. The State*, 55 Ala. 187; *Smith v. The State*, 133 Ala. 145; *Stringer v. The State*, 135 Ala. 145; *Stringer v. The State*, 135 Ala. 60. The confessions were not voluntary, and hence, were inadmissible.—*Jackson v. The State*, 83 Ala. 76; *Sample v. The State*, 1 Ala. App. 89; *Stallings v. The State*, 142 Ala. 112. The court erred in qualifying the right of defendant to retain the money under a bona fide claim. —*Morrisette v. The State*, 77 Ala. 71. The court erred in refusing charge 15.—*Carr v. The State*, 104 Ala. 43. Also in refusing charge 13.—*Reeves v. The State*, 95 Ala. 31. Charge 5 should have been given on the same authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and RUSHTON, WILLIAMS & CRENSHAW, for the State.

WALKER, P. J.—Under the provision of section 6876 of the Code, the defendant was entitled, before entering upon the trial, to cast upon the state the burden of proving the existence of the corporation, mentioned in the indictment, by denying such corporate existence by a sworn plea.—*West v. State*, 168 Ala. 1, 53 South. 277. The issue raised by such a plea is one of fact, and may be regarded as having been made "before entering upon such trial," within the meaning of that expression, as it is used in the statute, when the plea is filed before the selection of the triers of the facts. Some support for this conclusion is found in the ruling made in the case of *National Fertilizer Co. v. Holland*, 107

Ala. 412, 18 South. 170, 54 Am. St. Rep. 101.  In that.
case it was held that a motion to suppress a deposition,
which is required to be made before entering on the
trial (Code, § 4042), was not too late, though made
after both parties had announced that they were ready
for trial; the court expressing the opinion that the rule
announced in the case of *Morgan v. Wing*, 58 Ala. 301,
that such motion is too late when made for the first time
after both parties had expressed themselves satisfied
with a jury impanelled for the trial, was not to be ex-
tended further than as there stated.  It affirmatively
appears, from the bill of exceptions, that, before the
jury was selected, the defendant offered to file his sworn
plea denying the existence of the White Company, the
alleged corporation of which the indictment averred
that he was the agent; and the minute entry indicates
that the first action of the court, after the case was
taken up, was to sustain the objection of the solicitor
to the defendant's being permitted to file that plea.  The
court was in error in that ruling.

This error was not rendered harmless by the offer
with which the court accompanied its ruling to permit
the defendant to prove, under his plea of not guilty, the
matter contained in the special plea.  That offer did
not, as a permission to file the sworn plea would have
done, enable the defendant to cast upon the state
the burden of proving the existence of the corporation
mentioned.

Nor does the bill of exceptions enable us to affirm
that the error was rendered harmless by the state's ad-
ducing undisputed evidence of the existence of that cor-
poration.  It recites the introduction in evidence, over
the defendant's objection, of "a paper purporting to be
a certified copy of the charter of the White Company";
but that paper is not set out, nor is it so described as to

enable us to decide that it constituted evidence of the fact sought to be established by it.

It is insisted, in argument, that the testimony as to the defendant's admitting the embezzlement was subject to the objections made to it on the grounds that there was an absence of other evidence of the corpus delicti, and of the required preliminary showing that the confession was freely and voluntarily made. It does not appear, from the record, that the testimony was subject to objection on either of the grounds mentioned. It was preceded by evidence of the sale by the defendant of the property of his principal and of his receipt, and continued retention of the purchase price, without any accounting to his principal therefor, in such circumstances as to furnish some support for a conclusion that he embezzled or fraudulently converted it to his own use.

And certainly it cannot be said that the evidence, which disclosed the occasion and attending circumstances of the making of the incriminating admissions testified to, was not such as to warrant the court in concluding that they were wholly gratuitous on the part of the defendant, and were not induced by any improper influence of hope or fear brought to bear upon him.— *Green v. State,* 168 Ala. 90, 53 Soutm. 286.

Written charge 14, requested by the defendant, should have been given, as the facts that the defendant was the agent of the principal named in the indictment, and that the money charged to have been embezzled or fraudulently converted by him to his own use was received by him as such agent, were essential features of the offense charged against him.

Several written charges requested by the defendant were properly refused, because they predicated a right to an acquittal upon a finding that the defendant did

[Feagin v. The State.]

not intend to embezzle the money at the time he received it. Those charges were faulty in limiting the inquiry, as to the fraudulent intent of the defendant, to the time of his receipt of the money to which his principal was entitled. Though the defendant had no such intent at that time, yet if he entertained it subsequently, when he appropriated the money to his own use, he was guilty of the offense charged. It does not follow that those charges should have been given in this case, because it was held in the case of *Reeves v. State,* 95 Ala. 31, 11 South. 158, that similar charges were proper, as applied to the facts of that case. That was a case of the receipt of the money by the defendant; and his appropriation of it being one and the same act. Under the evidence in the present case, on the other hand, the jury might have found that the defendant fraudulently appropriated his principal's money to his own use, though he had had no purpose to do so at the time it came to his hands.

Reversed and remanded.