(101 So. 169)

## MINTON v. STATE. (7 Div. 959.)

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied July 22, 1924.)

**1. Criminal law ⊜⟶531(1)—Before confessions can go to jury it must be shown that they were voluntary.**

Confessions are prima facie involuntary and inadmissible, and before being allowed to go to jury it must be affirmatively shown to satisfaction of court that they were made voluntarily.

**2. Criminal law ⊜⟶696(1)—On evidence, subsequent to its going to jury, that confession was not voluntary, it should be withdrawn.**

If confession is allowed to go to jury on preliminary proof made to court, and it afterward appears that it was not voluntary, court should on motion withdraw it from jury.

**3. Criminal law ⊜⟶696(2)—In absence of objection or motion to exclude confession appearing not voluntary after admission, failure to exclude held not error.**

Where confession was admitted after proper predicate had been laid and it later appeared that it was not voluntary, although court might have excluded it ex mero motu, in absence of objection or motion to exclude, failure to exclude was not error.

**4. Criminal law ⊜⟶537—So much of involuntary confession may be proved as discloses extraneous facts tending to prove commission of crime.**

Although confession may be obtained by promises that it will make it lighter on accused to tell all he knows, if it discloses extraneous facts which show truth, and tend to prove commission of charged crime such facts may be proved and so much of confession as relates strictly to facts so discovered.

**5. Criminal law ⊜⟶538(3)—Confession in connection with proof of corpus delicti supports conviction.**

Confession in connection with proof of the corpus delicti will support conviction.

**6. Criminal law ⊜⟶1044—In absence of motion to exclude, objections to argument of counsel for state held not reviewable on appeal.**

Objections made to portions of argument of counsel for state to jury *held* not reviewable on appeal, in absence of motion to exclude.

**7. Criminal law ⊜⟶713—Action of counsel for state in patting jury on knees and legs in argument held not reversible error.**

Although action of counsel for the state in argument in patting the jury on knees and legs is reprehensible and calls for reprimand by the trial judge, it does not constitute reversible error.

**8. Criminal law ⊜⟶753(2)—Refusal of general affirmative charge, evidence being conflicting, held not error.**

Where there was conflict in evidence, and sufficient evidence to convict if believed beyond a reasonable doubt, refusal to defendant of general affirmative charge was not error.

**9. Criminal law ⊜⟶789(12)—Instruction on reasonable doubt held properly refused as argumentative.**

Requested instruction, that unless jury so convinced by evidence of defendant's guilt that they would each venture to act on that decision in matter of highest concern and importance to his own interest they must acquit, properly refused as argumentative.

Appeal from Circuit Court, Shelby County; W. M. Lackey, Judge.

Fred Minton was convicted of grand larceny and appeals. Affirmed.

Charge 2, refused to defendant, is as follows:

"2. I charge you, gentlemen of the jury, that you should find the defendant not guilty, unless each of you are satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; unless each of you are so convinced by the evidence of the defendant's guilt that you would each venture to act upon that decision in matter of highest concern and importance to your own interest, then you must find the defendant not guilty."

Lapsley & Carr, of Anniston, for appellant.

A confession of guilt is admissible only when voluntary. Cases cited in the opinion. The evidence was not sufficient to warrant a conviction. 16 C. J. 579.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court was not in error in admitting the confession.

FOSTER, J. The appellant (defendant in the court below) was indicted and convicted for the larceny of a Ford automobile of the value of $350, the personal property of B. T. and D. G. Kimbrough.

The evidence for the state tended to show that Kimbrough Bros., a partnership composed of B. T. and D. G. Kimbrough, owned a store at Harpersville, having a garage in which the car was kept in the rear of the store, that the defendant and one Charlie Baker were seen about the garage on Friday before the car was missed on Wednesday. The overcoat and gloves of D. G. Kimbrough were in the car. After the car was missed D. G. Kimbrough went to Piedmont and there he saw the defendant with the overcoat and gloves belonging to Kimbrough,

which were in the car at the time it was stolen. The defendant was arrested and carried to jail, where, as the state's evidence tended to show, he made a confession that he was with Charlie Baker when he stole the car, but defendant claimed he had nothing to do with the larceny of the car, denied the alleged confession, and stated that he got the overcoat from a pawnbroker in Anniston and did not know that the gloves were in the pocket.

Learned counsel for appellant insist that the alleged confession of the defendant was not shown to be voluntary and was not admissible in evidence.

The following occurred on the trial during the examination of a state's witness, D. G. Kimbrough:

"Me and my father went to the jail to see him and I had a conversation with him in the presence of my father. Q. At that time did you or anybody in your presence make any threat to him or offer him any hope of reward to get him to make a statement to you? Mr. Saxon: We object on the grounds that proper predicate has not been laid. The Court: I overrule the objection. Mr. Saxon: We except. A. No, sir. Q. Tell what was said by and between all of you? Mr. Saxon: We object on the same grounds. The Court: I overrule the objection. Mr. Saxon: We except. A. Mr. Minton went with me down there and said, 'If you will go in there and talk to him maybe you can get something;' and said, 'Now, Fred, if you know anything about it, just tell it; it will be lighter on you.' And Minton did not say anything for a right smart little bit, and I said, 'If you have anything to say, I want you to say it, 'cause I have to go;' and he said, 'Charlie Baker has your car;' and I said, 'Where is he?' and he said, 'He left here to go back to Harpersville;' and I said 'What do you know about the car?' and he said, 'I was with Charlie when he got the car.' The car was taken in Shelby county."

Objection was not interposed to the answer or any part of it after the witness stated that the defendant's father said to defendant, "Now, Fred, if you know anything about it, just tell it; it will be lighter on you." There was no motion to exclude any portion of the above answer.

[1] Confessions are prima facie involuntary and inadmissible. Before confessions are allowed to go to the jury in criminal cases it must be affirmatively shown to the satisfaction of the court that they were made voluntarily. Burton v. State, 194 Ala. 2, 69 South. 913; Aaron v. State, 181 Ala. 1, 61 South. 812; Saulsberry v. State, 178 Ala. 16, 59 South. 476; Lester v. State, 170 Ala. 36, 54 South. 175; Campbell v. State, 150 Ala. 70, 43 South. 743; Dupree v. State, 148 Ala. 620, 42 South. 1004; Barddell v. State, 144 Ala. 54, 39 South. 975; Plant v. State, 140 Ala. 52, 37 South. 159; Christian v. State, 133 Ala. 109, 32 South. 64; Brown v. State, 120 Ala. 342, 25 South. 182; Mc-

Alpine v. State, 117 Ala. 93, 23 South. 130; Newell v. State, 115 Ala. 54, 22 South. 572; Burton v. State, 107 Ala. 108, 18 South. 284; Ragsdale v. State, 12 Ala. App. 1, 67 South. 783; Ware v. State, 12 Ala. App. 101, 67 South. 763; Fortner v. State, 12 Ala. App. 179, 67 South. 720; Wise v. State, 11 Ala. App. 72, 66 South. 128; Barr v. State, 7 Ala. App. 96, 61 South. 40; Turner v. State, 4 Ala. App. 100, 58 South. 116; Henley v. State, 3 Ala. App. 215, 58 South. 96.

[2, 3] If a confession was allowed to go to the jury on preliminary proof made to the court and from the evidence afterward brought forward during the trial it was shown that the confession was not voluntary, the court should, on motion, withdraw it from the jury. After proper predicate had been laid for the admission of the confession it developed later in the testimony of the witness Kimbrough that the confession was not voluntary. After this development no objection was made to the evidence and no motion was made to exclude. The court might have excluded the confession ex mero motu, but, in the absence of objection or motion by defendant to exclude, the trial court will not be put in error. The defendant may have been satisfied with the answer. Lett v. State, 19 Ala. App. 298, 97 South. 148.

[4] Furthermore the defendant as part of the alleged confession said, "Charlie Baker has your car." Baker was afterward arrested in possession of the stolen car. Though a confession be obtained by promises that it will make it lighter on the defendant to tell all he knows about it, "if it discloses extraneous facts which show the truth and tend to prove the commission of the crime, such facts may be proved, and so much of the confession as relates strictly to the facts so discovered." Curry v. State, 203 Ala. 239, 82 South. 489; Pressley v. State, 111 Ala. 34, 20 South. 647; 1 Mayf Dig. p. 208, par. 10.

[5] The corpus delicti was proven. The defendant was found in possession of an overcoat and gloves carried away in the stolen car, and his confession that he was with Charlie Baker when he took the car was before the jury. A confession in connection with the proof of the corpus delicti will support a conviction. Young v. State, 68 Ala. 569; Martin v. State, 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844; Ryan v. State, 100 Ala. 94, 14 South. 868.

[6] Objections were made to several portions of the argument of counsel for the state to the jury, but in the absence of a motion to exclude such questions are not presented in such form as that they may be here reviewed. Boyette v. State, 18 Ala. App. 363, 92 South. 515; Lambert v. State, 208 Ala. 42, 93 South. 708; Elliott v. State, 19 Ala. App. 263, 97 South. 115.

[7] Objection was made by defendant's counsel to counsel for the state in argument to the jury "patting the jury on the knees and legs." Any such familiarity with jurors in the trial of a case is reprehensible and calls for a reprimand by the trial judge and is condemned by this court. But such conduct as shown in this case should not work a reversal.

[8] Charge 1 refused to defendant was the general affirmative charge. There was a conflict in the evidence and ample evidence upon which to convict if believed by the jury beyond a reasonable doubt, and the refusal of the charge was not error.

[9] Charge 2 has been condemned as being argumentative in the following cases: Amos v. State, 123 Ala. 50, 26 South. 524; Rogers v. State, 117 Ala. 9, 22 South. 666; Allen v. State, 111 Ala. 80, 20 South. 490.

Charge 3 was properly refused. The last clause of this charge reads:

"And if the jury have an abiding conviction to a moral certainty of his [defendant's] guilt, it is the duty of the jury to find the defendant not guilty."

Charge 4 is the equivalent of the general affirmative charge for the defendant, and for that reason, if no other, was properly refused.

There is no error in the record. The judgment of conviction is affirmed.

Affirmed.