**UNITED STATES CASUALTY CO., Applicant, v. LEAHY et, Interested Parties.**

Common Pleas Court, Cuyahoga County.

No. 659356. Decided August 20, 1954.

McConnell, Blackmore, Cory & Burke, Cleveland, for applicant.

Payer, Bleiweiss & Crow, Cleveland, for James Leahy.

Harry J. Dworkin, Cleveland, for The Better Realty Co.

## OPINION

By BLYTHIN, J.:

This cause is before the court on the motion of applicant for approval of proceedings had in securing answers to applicant's propounded interrogatories and the filing thereof, and for a voiding of cross-examination of the witness in a proceeding to perpetuate the testimony of such witness under favor of §2319.32 to §2319.38, both inclusive, **R. C.**

Applicant filed its petition herein stating, in substance, that it issued its policy of liability insurance to The Better Realty Company, a Corporation, agreeing to indemnify the assured against loss resulting to persons from negligent acts of the assured. One James Leahy fell from a window on the premises of assured and was injured. Applicant claims that the assured failed to notify it of the happening as and within the time required under the policy and that Leahy, twenty-three months after the happening, brought suit in this court against applicant's assured and that, as a result thereof, a claim may later be filed against applicant for indemnity. Applicant by its petition herein seeks to perpetuate the testimony of one Edythe Ebie and has listed and notified said James Leahy and The Better Realty Company as interested parties.

Attached to the petition and made a part thereof were 30 interrogatories to be propounded to said Edythe Ebie. An order was entered herein allowing the examination, naming John J. Mehler, a Notary Public, as the person to officiate in the premises and fixing the time and place to propound the questions and to record the answers of said witness thereto. The two interested parties were duly notified of all such details, or waived such notice. Both of the interested parties were represented by counsel at the time and place of questioning.

At the close of the answering of the interrogatories, counsel for The Better Realty Company expressed his desire to cross-examine the witness. Applicant's counsel objected to any cross-examination on the ground that oral cross-examination is not authorized in such cases and situations. Counsel never-

theless proceeded to cross-examine the witness and at the close of such cross-examination the applicant renewed its objection, having previously indicated its intention to move to strike both the questions and answers of such cross-examination in the event it later became necessary to use the recorded testimony of the witness. The questions put by counsel to the witness on cross-examination had not previously been presented, recorded or filed.

As already indicated, the motion now before the court is for approval of the taking and filing of the direct testimony of the witness, and also for an order of disapproval of the cross-examination.

## THE LAW

The practice of perpetuating testimony is certainly not new; in fact, it is of ancient vintage.

### Weeks' Treatise on Depositions.

Sec. 11. P. 11. "Under the old chancery practice, original bills not praying for relief were of two kinds: 1st, Bills to perpetuate testimony and to examine witnesses de bene esse; and 2nd, * * *. In such cases recourse was had to a bill for perpetuating testimony; courts of equity having for centuries enjoyed the right of entertaining suits for the purpose of preserving evidence in perpetuum rei memoriam. * * * The jurisdiction which courts of equity exercise to perpetuate testimony has been thought to be open to great objections; first, it leads to a trial on written depositions, which is deemed in the courts of common law to be much less favorable to the cause of truth than the viva voce examination of witnesses. * * * and therefore there is no proper ground for deferring the proceedings to a future time, and thereby substitute written depositions for viva voce testimony."

8 R C L No. 3. P. 1132.

"In equity there are two kinds of bills to preserve testimony; one is to examine witnesses in perpetuum rei memoriam, and the other is to examine witnesses de bene esse. The right to take the examination of witnesses before an officer authorized for that purpose, with the view of perpetuating their testimony, was fully recognized and established by the civil law many centuries ago, and is still recognized in the English chancery courts as a practice admissible, and, indeed, under certain circumstances, absolutely necessary for the protection and maintenance of the rights of parties. This practice is adopted in nearly, if not quite, every state in the Union."

8 R C L No. 20. P. 1149.

"For the purpose of obtaining the testimony, interrogatories are framed by the complainant; a certified copy of these ac-

companies the commission when it is delivered to the officer who is to act as examiner. As a general rule, such interrogatories are accompanied with the cross questions propounded by the adversary as a preliminary, very often, of the right to introduce the answers in evidence."

8 R C L No. 28. P. 1156.

"If the deposition is duly taken under a commission awarded for that purpose by special order of court, with interrogatories thereto annexed in proper form, together with cross-interrogatories filed on the part of the adverse party, * * *."

The above are quoted because of their clear suggestion that where the interrogatory is the method of taking and recording the testimony of a witness the cross examination must also be by interrogatory.

It is clear also that the right to cross-examine has always existed alongside the right to examine if testimony of the person examined is to be used upon trial of an issue.

**Dean Wigmore in his Treatise on Evidence.**

Sec. 1367.

"For two centuries past, the policy of the Anglo-American system of Evidence has been to regard the necessity of testing by cross-examination as a vital feature of the law."

Sec. 1383.

"The principle requiring notice and opportunity of cross-examination applies equally to depositions taken in view of **future litigation,** 'in perpetuum memoriam'; and it is preserved in the statutes as well as enforced in the judicial rulings."

Sec. 1392.

"When a deposition is taken on **written interrogatories** filed beforehand, and the witness in an answer to a **direct interrogatory** departs from the subject of the question, the cross-examiner may be virtually deprived of cross-examination, because by not anticipating this answer he will not have framed his cross-interrogatories to probe the witness on that subject. This objection is obviously applicable to written interrogatories only; but to that extent it has a just foundation:"

**Daniell's "Pleading and Practice of the High Court of Chancery."**

No. 5—Ed. Page 890.

"We have seen before, that, previously to the examination of a witness, a notice in writing of the name and description of the witness is to be served upon the adverse solicitor. The object of this notice is, that in case the adverse party shall have occasion to cross-examine the witness, he may have an opportunity of doing so. The **cross-interrogatories** ought to

be filed before the examination in chief is completed; and if they are so filed the party producing the witness is obliged to procure him to stay or return to be examined."
16 Am. Jur. Sec. 38. Page 714.

"The general rule is that the adverse party must have reasonable notice of the taking of depositions so as to be afforded an opportunity to be present at the examination, or to file cross-interrogatories, and that the failure to give the required notice renders the depositions vulnerable to a motion to suppress."
National Fertilizer Co. v. Holland. 107 Ala. 412.

"Depositions taken on interrogatories may be suppressed upon motion when no notice of the filing of the interrogatories and no opportunity to file cross-interrogatories has been given."

The above are quoted because they are of value in filling what at first blush seems to be a vacuum in the statutory provisions for perpetuating testimony in Ohio. It would seem that under the common law the proceedings were confined to written interrogatories and written cross-interrogatories. The right of an interested party was to (1) notice, (2) the right to be present and, or, (3) to file cross-interrogatories. As has been well said by one author:

"The power to perpetuate testimony is incident to courts of common law, in this country as well as in England, but the manner in which it is to be exercised and enforced in the States is variously prescribed by statute."

There is nothing in the statutory provisions of our State to indicate that they are a deviation from or in derogation of the common law. They are clearly expressive of it but, as already suggested, may not have spelled out all the rights in their minute details.

Sec. 2319.02 R. C., provides that testimony of witnesses may be taken:

(a) By affidavit;
(b) By deposition;
(c) By oral examination.

Depositions may be taken in a pending action at any time after service of summons. Sec. 2319.06 R. C. A party seeking to so take depositions needs no order of the court but proceeds under the methods and after notice prescribed by statute. Sec. 2319.15—§2310.16 R. C. It is interesting to note that the code provisions do not mention cross-examination but no question could successfully be raised about the right to cross-examine the witnesses and such cross-examination is had at the time and in the same manner and form as the examination itself. That is a step in a proceeding between actual litigants.

May be, hope to be, or fear they may be, litigants may not take depositions as a movement among themselves, as actual litigants may do, but must do so under the special provisions of §2319.32 to §2319.37 R. C., both inclusive—Perpetuation of Testimony.

A deposition in such a situation can only be taken after a petition has been filed—§2319.33 R. C.—and an order made thereon by the court—§2319.34 R. C. It will be noted that the petition must set forth the subject matter, parties interested, etc., and shall:

"state the names of the witnesses to be examined, **and interrogatories to be propounded to each**; * * *." (Emphasis supplied.)

Notice must be given to the interested parties as prescribed by the court. **Sec. 2319.34 R. C.**

**Sec. 2319.35 R. C.** is as follows:

"When it satisfactorily appears to the court of common pleas that the parties interested cannot be personally notified, the court shall appoint a competent attorney to examine the petition mentioned in §2319.33 R. C., and prepare and file cross-interrogatories to those contained therein Witnesses shall be examined upon the interrogatories of the applicant and on cross-interrogatories, where they are required to be prepared, and no other shall be propounded to them; nor shall any statement be received which is not responsible to some interrogatory. * * *"

The word "responsible" in the Revised Code should have been "responsive." There may be three classes or groups involved in such a proceeding to perpetuate testimony; (1) the applicant, (2) notified parties and (3) parties who cannot be personally notified. It will be noted that §2319.35 R. C., above, would seem to have reference only to the protection of the rights of group (3)—parties who cannot be notified. If this be the fact, the provisions for perpetuation of testimony are perfectly silent on the rights of a personally notified party beyond his right to notice as prescribed by the court. **Sec. 2319.34 R. C.**

While it is an evil practice to read meaning **into** a law rather than to read meaning **out** of it, some rational implications must be indulged in. Notice implies the right to be present. It is thoroughly well settled that the right to produce the testimony of a witness implies the right of an adversary to cross-examine that witness.

Where, however, the form of taking and recording testimony is prescribed as to some parties to a special proceeding it can hardly be claimed that justice dictates that a more

liberal form is permissible or to be presumed to the other parties to the same proceeding. If a notified party to a proceeding to perpetuate testimony may orally cross-examine the witnesses of the applicant such notified party has greater rights than has the applicant or the party who cannot be notified but is represented by counsel appointed by the court. The authorities uniformly hold that in proceedings to perpetuate testimony the answers of the applicant's witnesses may not go beyond the scope of the specific questions propounded and that the interested parties may not cross-interrogate beyond meeting the limits called for by the interrogatories. These holdings are consistent with the theory that such proceedings have as their purpose an end that may never materialize and are limited in their scope to that set by the applicant's original interrogatories. Under our Revised Code it would seem clear that the proceedings must be limited, as to all parties and as to form, to interrogatories.

From what has been said it follows that the deposition in this cause, insofar as the interrogatories of the applicant and answers thereto are concerned, will be approved and ordered filed. The objections to the oral cross-examination will be sustained and the questions propounded and answers given thereto will be ordered stricken.

An order in accordance herewith may be drawn for entry on the journal, with exceptions to the parties adversely affected thereby.